Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-07-00794-CV

## TEXAS DEPARTMENT OF PUBLIC SAFETY,
Appellant

v.

## Candido GODINES,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 5,770
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:    September 3, 2008

REVERSED AND REMANDED

The Texas Department of Public Safety ("DPS") appeals from the trial court's order granting Candido Godines's petition for expunction of criminal records relating to his arrest for indecency with a child. DPS brings three issues on appeal. In its first issue, DPS argues this cause should be reversed and rendered because Godines failed to produce evidence that he had not been convicted of a felony in the five years previous to his arrest.  In its second and third issues, DPS argues this

cause should be reversed and remanded because DPS did not receive notice of the hearing on the petition for expunction and because the order of expunction lacked information required by statute. With respect to DPS's first issue, Godines did, in fact, prove that he had not been convicted of a felony in the five years previous to his arrest. With respect to DPS's second issue, Godines concedes that DPS did not receive notice of the hearing on the petition for expunction. Therefore, we reverse the trial court's order of expunction and, in the interest of justice, remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 43.3(b).

## DISCUSSION

In its first issue, DPS requests that we reverse and render judgment setting aside the order of expunction because Godines failed to prove that he had not been convicted of a felony in the five years previous to his arrest. The Texas Code of Criminal Procedure does, indeed, require such proof. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(C) (Vernon 2006). However, through no apparent fault of the DPS, the reporter's record that was initially filed in this appeal was incomplete. After DPS's brief was filed, a supplemental reporter's record was filed containing Godines's testimony in which he states that he had not been convicted of a felony in the five years previous to his arrest. Therefore, DPS's first issue is overruled.

In its second issue, DPS requests that if we do not render judgment in its favor, we reverse and remand because DPS did not receive notice of the hearing on the petition for expunction. In his brief, Godines admits that DPS, although entitled to notice, did not receive notice of the hearing.

Therefore, we reverse the trial court's order of expunction and, in the interest of justice, remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 43.3(b).[1]

Because we are remanding this cause to the trial court, we need not reach DPS's third issue.

Karen Angelini, Justice

---

[1]When an expunction order is reversed and set aside, it is reversed and set aside as to all agencies in possession of relevant criminal records. *Ex parte Elliott*, 815 S.W.2d 251, 252 (Tex. 1991). Thus, in this case, we reverse and set aside the order as to agencies in possession of relevant criminal records in this case, regardless of whether they participated in this appeal. We also order that all documents that were turned over to the trial court or to Godines be returned to the submitting agencies.